**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

BRENDON ANDERSON,

        Petitioner,

v.

S. RACETTE, Superintendent,
Upstate Correctional Facility,

        Respondent.

No. 16-CV-208
(DNH/CFH)

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| Brendon Anderson<br>Petitioner pro se<br>11-A-1817<br>Upstate Correctional Facility<br>P.O. Box 2001<br>Malone, NY 12953 | |
| Hon. Eric T. Schneiderman<br>Attorney General of the<br>   State of New York<br>Attorney for Respondent<br>120 Broadway<br>New York, NY 10271 | DENNIS A. RAMBAUD, ESQ.<br>Assistant Attorney General<br><br>LISA E. FLEISCHMANN, ESQ.<br>Assistant Attorney General |

# REPORT-RECOMMENDATION AND ORDER[1]

Presently pending before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2253 by petitioner pro se Brendon Anderson ("petitioner"), an

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Pet.") at 1. For the reasons explained below, this petition is barred by the one-year statute of limitations applicable to federal habeas corpus petitions, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Thus, the undersigned recommends that this petition be denied as untimely.

## I. Background

On May 19, 2010, the Albany Police Department arranged for a confidential informant to conduct a controlled buy with petitioner. State Record ("SR")[2] at 7 (Dkt. No. 17). After the informant purchased narcotics from petitioner, the police stopped petitioner's vehicle for failure to signal, subsequently searched the vehicle at the police department's garage, and found narcotics in a hidden compartment within the vehicle. SR 8-9. Officers also conducted a strip search of petitioner and discovered crack cocaine. Id. On that same day, petitioner was arrested. SR 276. On January 21, 2011, petitioner was convicted by a jury in Albany County Court on charges of: Criminal Possession of a Controlled Substance in the First Degree (New York Penal Law § 220.21), two counts of Criminal Possession of a Controlled Substance in the Third Degree (New York Penal Law § 220.16), Criminal Possession of a Controlled Substance in the Fourth Degree (New York Penal Law § 220.09), and Criminal Sale of a Controlled Substance in the Third Degree (New York Penal

---

[2] "SR" refers to the State Court Record filed by respondent. Dkt. No. 17. The page number following "SR" refers to the page number generated at the bottom of each page in the State Court Record following "SR".

Law § 220.39). SR 1572. Petitioner was not convicted of Intimidating a Witness in the Third Degree (New York Penal Law § 215.15). Id. On April 15, 2011, the Hon. Thomas A. Breslin, Albany County Court Judge, sentenced petitioner to a term of imprisonment of thirty-five years with five years of post-release supervision. SR 1583, 1584; Pet. at 1.

On August 9, 2011, petitioner filed a Notice of Motion to vacate the judgment pursuant to New York Criminal Procedure Law ("N.Y. Crim. Proc. Law") § 440.10 in the New York Supreme Court, County of Albany. SR 629, 630. The motion was denied in its entirety by Order dated August 12, 2011. SR 728-29. On October 26, 2011, Hon. William E. McCarthy of the Appellate Division, Third Department granted petitioner's application for leave to appeal pursuant to N.Y. Crim. Proc. Law § 460.15. SR 730. The Appellate Division unanimously affirmed petitioner's conviction on March 7, 2013. SR 1588, 1593. On July 9, 2013, Hon. Susan Phillips Read, denied petitioner's application for leave to appeal to the Court of Appeals pursuant to N.Y. Crim. Proc. Law § 460.20. SR 1596.

On June 18, 2014, petitioner filed his first habeas petition in this Court, requesting to stay the action until he exhausted State remedies. Dkt. No. 19 at 6. On July 11, 2014, the Court dismissed the petition without prejudice to re-file once petitioner exhausted his available state remedies. Anderson v. Racette, No. 9:14-cv-0734(GLS), slip op. at 5-6 (N.D.N.Y. July 11, 2014); Dkt. No. 19 at 6.

On May 26, 2015, petitioner filed a second motion pursuant to N.Y. Crim. Proc. Law § 440.10 in New York Supreme Court, County of Albany to vacate his judgment on the ground that he received ineffective assistance of counsel. SR 1597, 1603. Judge Breslin denied the motion by Decision and Order dated July 1, 2015. SR 1800. On July 23, 2015, petitioner applied for leave to appeal to the Appellate Division, Third Department. SR 1802.

The application was denied on September 8, 2015. SR 1828. On October 9, 2015, petitioner moved for leave to appeal to the New York Court of Appeals. SR 1830. On January 6, 2016, the application for leave to appeal was denied because "the order sought to be appealed from is not appealable under CPL 450.90(1)." SR 1862.

## II. Procedural History

Petitioner filed the instant habeas petition on February 16, 2016. Dkt. No. 1-2.[3] On June 2, 2016, respondent requested that this Court to limit respondent's answer to the issue of whether the habeas petition is barred on procedural grounds—specifically, whether the petitioner filed the petition within the one-year statute of limitations promulgated by 28 U.S.C. § 2244. Dkt. No. 10. The Court granted respondent's request. Dkt. No. 12. Respondent submitted an Answer and Memorandum of Law in Opposition to the Habeas Petition on June 24, 2016, arguing that the petition was untimely, that plaintiff failed to demonstrate that he is entitled to equitable tolling, and that plaintiff failed to make a gateway showing of actual innocence. See generally Dkt. Nos. 15, 16. Petitioner filed a Reply on July 27, 2016, arguing that he is entitled to equitable tolling. Dkt. No. 19 at 8.

---

[3] This petition was received by the Clerk's office on February 22, 2016. Pet. at 1. However, it is well-established in the Second Circuit that "due to the unique difficulties faced by incarcerated pro se litigants, a prisoner's pleading is deemed to be properly filed at the time he or she hands the papers to prison authorities for transmittal to the court." Salerno v. People of NYS, No.9:98-CV-1187 (TJM/GLS), 2002 WL 31741253, at *2 (N.D.N.Y. Dec. 5, 2002) (citing Dory v. Ryan, 999 F.2d 679, 681-81 (2d Cir. 1993), modified on reh'g, 25 F.3d 81 (2d Cir. 1994)). Thus, the Court finds that petitioner commenced this action on February 16, 2016, at the time he placed the petition in the institutional mailbox, as noted in the affidavit of service. Dkt. No. 1-2.

## III. Discussion[4]

## A. Timeliness

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of a direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claims or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For purposes of the present motion, 28 U.S.C. § 2244(d)(1)(A) is relevant. 28 U.S.C. §

---

[4] All unpublished opinions cited to by the Court in this Report-Recommendation and Order are, unless otherwise noted, attached to this Report-Recommendation and Order.

-5-

2244(d)(1)(A). "Pursuant to the AEDPA, a prisoner must file a habeas petition challenging a state court judgment of conviction within one year of the date the judgment of conviction becomes final." Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) (citing 28 U.S.C. § 2244(d)(1)(A)). N.Y. Crim. Proc. Law § 460.10(1)(a) governs the time in which a notice of appeal must be filed following a conviction and provides that:

> A party seeking to appeal from a judgment or sentence . . . must, within thirty days after imposition of the sentence . . . file with the clerk of the criminal court in which such sentence was imposed or in which such order was entered a written notice of appeal, in duplicate, stating that such party appeals therefrom to a designated appellate court.

N.Y. CRIM. PROC. LAW § 460.10(1)(a). It is well established in the Second Circuit that a state court judgment becomes final—and the one year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) begins to run—when the petitioner's "time for filing a notice of appeal from his judgment of conviction expire[s]." See, e.g., Bethea, 293 F.3d at 578 (citing N.Y. CRIM. PROC. LAW § 460.10(1)(a)) (finding that where the petitioner was sentenced in state court on March 10, 1999, the judgment of conviction became final on April 9, 1999). It is also well-settled in the Second Circuit that a state court judgment becomes final ninety days after the conclusion of direct review by state appellate courts. Rose v. Lee, No. 9:13-CV-299 (MAD/ATB), 2015 WL 729817, at *10 (N.D.N.Y. Feb. 19, 2015) ("If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal."); see also Martinez v. Superintendent of E. Corr. Facility, 806 F.3d 27, 31 (2d Cir. 2015).

Section 2244(d)(1)(A)'s limitations period will be "tolled during the pendency of a properly filed petition for collateral review in state court[]." Bethea, 293 F.3d at 578 (citing

Artuz v. Bennett, 531 U.S. 4, 8-11 (2000), aff'g Bennett v. Artuz, 199 F.3d 116 (2d Cir. 1999)). Furthermore, the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Such proceedings "cannot revive a time period that has already expired. . . . [as t]o allow a belated state court collateral attack to revive the AEDPA limitations period would defeat the purpose of the AEDPA limit." Hale v. Sabourin, No. 9:08-CV-0768(LEK/DEP), 2010 WL 2105934, at *3 (N.D.N.Y. May 4, 2010), report and recommendation adopted by, No. 9:08-CV-0768(LEK/DEP), 2010 WL 2044685 (N.D.N.Y. May 24, 2010) (citations omitted). The Second Circuit has made it clear that "[i]f the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court." Smith, 208 F.3d at 17.

With regard to federal filings, the Supreme Court of the United States has noted that there is "no likely explanation for Congress's omission of the word 'Federal' in § 2244(d)(2) other than that Congress did not intend properly filed applications for federal review to toll the limitations period." Duncan v. Walker, 533 U.S. 167, 173 (2001); Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001) ("[T]he time that a habeas petition is pending in federal court is not exempted from the one-year limitations period."); see also Rose, 2015 WL 729817, at *7 (holding that the statute of limitations period was not tolled where petitioner filed a premature petition for a writ of habeas corpus).

Here, petitioner received his state court sentence on April 15, 2011. SR 1583; Pet. at 1. The Appellate Division, Third Department, unanimously affirmed petitioner's conviction

on March 7, 2013. SR 1588, 1593. On July 9, 2013, the New York Court of Appeals, denied petitioner's application for leave to appeal to the Court of Appeals pursuant to N.Y. Crim. Proc. Law § 460.20. SR 1596. Therefore, petitioner's judgment of conviction became final—and the one year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began to accrue—ninety days afterward, on October 7, 2013. See Rose, 2015 WL 729817, at *10. As a result, petitioner had until October 7, 2014 to timely file his habeas petition. 28 U.S.C. § 2244(d)(1)(A).

On August 9, 2011, petitioner filed a Notice of Motion to vacate the judgment pursuant to N.Y. Crim. Proc. Law § 440.10 in New York Supreme Court, County of Albany. SR 629, 630; Pet. at 2-3. As respondent correctly identifies, collateral proceedings resolved before a petitioner's conviction becomes final do not effect the statute of limitations for timely filing a habeas petition. Witherspoon v. New York, No. 11-CV-5815(DLI), 2015 WL 5676020, at *2 (E.D.N.Y. Sept. 24, 2015). Thus, since the August 9, 2011 motion was filed before petitioner's state conviction became final, it does not toll the limitations period.

On May 26, 2015, petitioner filed a second motion pursuant to N.Y. Crim. Proc. Law § 440.10 in New York Supreme Court, County of Albany to vacate his judgment, alleging ineffective assistance of counsel. SR 1597, 1603. That motion was filed after the statute of limitations for the filing of a habeas petition expired on October 7, 2014. Petitioner's filing of a second N.Y. Crim. Proc. Law § 440.10 motion in state court does not revive the one year statute of limitations to file his federal habeas petition. Rose, 2015 WL 729817, at *6.

Further, petitioner's first habeas petition does not affect the timeliness of the pending petition currently before the Court. Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001) (citing Duncan v. Walker, 531 U.S. 167, 181-82 (2001)) ("[T]he time that a habeas petition is

pending in federal court is not exempted from the one-year limitations period."). Petitioner filed his first habeas petition on June 16, 2014, requesting that this Court hold his petition in abeyance until he exhausted all state remedies. See Anderson v. Racette, No. 9:14-cv-00734(GLS), slip op. at 3-4 (N.D.N.Y. July 11, 2014). This Court held that a stay was inappropriate because petitioner did not specify which state claims he wished to pursue, there was no showing of good cause, and petitioner would not be unduly prejudiced by the dismissal of the petition without prejudice. Id. at 4-5; see also Rhines v. Weber, 544 U.S. 269, 277 (2005) ("Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings."). Thus, the Court dismissed petitioner's first petition without prejudice. Anderson v. Racette, No. 9:14-cv-0734(GLS), slip op. at 5-6 (N.D.N.Y. July 11, 2014).

The instant petition is untimely, even though petitioner had adequate time to re-file after exhausting his state remedies. See Anderson, No. 9:14-cv-00734(GLS), at 5 & n.2 (citations omitted); Saunders v. Senkowski, 587 F.3d 543, 549 (2d Cir. 2009). Petitioner's situation is distinguishable from scenarios where "[d]ismissal of the petition without prejudice . . . would likely result in any future petition being subject to dismissal as time-barred under the AEDPA." Taylor v. Yelich, No. 9-16-CV-1210(FJS/CFH), 2016 WL 6459797, at *2 (N.D.N.Y. Oct. 31, 2016). In Taylor, the Petitioner filed a section 440 motion two days before the AEDPA's statute of limitations expired. Id. The Taylor court cautioned that federal courts must not be "jurisdictional parking lot[s]" for unexhausted claims, but recognized that dismissal of the habeas petition would give the petitioner only two days to file a future petition. Id. Taylor is distinguishable from petitioner's case because his first petition was dismissed on July 11, 2014, nearly three months prior to the date that the

statute of limitations expired on October 7, 2014. See Anderson v. Racette, No. 9:14-cv-0734(GLS), slip op. at 5-6 (N.D.N.Y. July 11, 2014). Accordingly, petitioner has failed to show that the dismissal of his first petition was unduly prejudicial.

Thus, the instant petition for a writ of habeas corpus is barred by the statute of limitations.

### B. Equitable Tolling

Equitable tolling of the limitations period provided in 28 U.S.C. § 2244 "applies only in the 'rare and exceptional circumstance[].'" Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted). A petitioner seeking a writ of habeas corpus is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Rivera v. Clinton Corr. Facility, 590 F. App'x 93, 95 (2d Cir. 2015) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted)). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." Trombley v. Bosco, No. 9:14-CV-01118(JKS), 2016 WL 6238576, at *4 (N.D.N.Y. Oct. 25, 2016) (citing Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011) (citations omitted)); see also Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011) ("[W]e set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling.").

Examples of extraordinary circumstances include "attorney's conduct [that] is so outrageous and incompetent that it is truly extraordinary . . . and where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers."

-10-

Doe v. Menefee, 391 F.3d 147, 159-60 (2d Cir. 2004); see also Dillon, 642 F.3d at 363 (quoting Baldayaque v. United States, 338 F.3d 145, 152 (2003)) ("[A]ttorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period . . . [but] at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."). Another example of attorney conduct that creates an extraordinary circumstance is when an attorney fails to file a habeas petition despite clear and specific instructions by the petitioner to do so. Davis v. Racette, 99 F. Supp. 3d 379, 386 (E.D.N.Y. 2015) (citing Nickels v. Conway, 480 F. App'x. 54, 56 (2d Cir. 2012)).

Here, petitioner attempts to point to extraordinary circumstances that prevented him from timely filing the petition currently pending before the Court. Dkt. No. 19 at 16. In his court filings, petitioner alleges that he is entitled to equitable tolling because of ineffective assistance of counsel at the trial level, prosecutorial misconduct leading to his conviction, false or incorrectly admitted evidence during his trial, and new evidence confiscated from him post-conviction. See id. at 8, 14-15.

Petitioner states that his trial attorney "made finding[s] within 48 hours after receiving discover[y] material . . . [and] [c]ounsel failed to obtain all relevant evidence." Pet. at 7. Disagreement with trial strategy or arbitrarily questioning the ability of an attorney to review materials within a forty-eight hour time period falls short of identifying extraordinary circumstances to toll the AEDPA limitations period. Further, Petitioner's argument is misguided, as attorney performance at trial does not prevent him from timely filing a post-conviction habeas petition. Petitioner's circumstance is distinguishable from cases where a causal link demonstrates an attorney has impacted a petitioner's timely habeas filing. See,

e.g., Dillon, 642 F.3d at 364 ("[G]iven the lawyer's deeply misleading statement to his client that he would not wait until the last day to file the petition, the specific facts of this case constitute an extraordinary circumstance sufficient to warrant equitable relief."); see also Harper, 648 F.3d at 137 ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."). Petitioner makes cursory statements seeking equitable relief from the Court, relying upon his displeasure of counsel efforts at the trial level. As it is clear that petitioner did not have counsel involved in filing his habeas petition, any displeasure with counsel at the trial level did not impact his ability to timely file his habeas petition. Thus, in petitioner's case, attorney error is not a basis for an extraordinary circumstance.

Next, petitioner states that the prison's confiscation of mail addressed to him created an extraordinary circumstance that prevented him from filing his habeas petition. SR 14-15. The confiscated maps petitioner points to as newly discovered evidence were not confiscated, or even requested from his family member, until after the statute of limitations expired in October 2014. Dkt. No. 19 at 13-14 (stating how petitioner requested maps in December 2014 and those maps were then confiscated by prison officials in February 2015). Petitioner's case is distinguishable from Valverde, wherein the petitioner's legal papers were confiscated before the filing deadline passed, which created a possible causal link between the confiscation and the missed filing deadline. Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) ("[T]he confiscation of a prisoner's legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling."); see Harper, 648 F.3d at 137. Thus, the circumstances petitioner relies upon did not even occur until after the

-12-

limitations period expired, showing no causal connection or impediment to his ability to timely file.

Even assuming that the confiscation of these maps was an extraordinary circumstance, petitioner's argument still fails. The Second Circuit holds that a petitioner seeking equitable tolling must exercise reasonable diligence to file after extraordinary circumstances begin, or the causal link between those circumstances and the failure to file is broken. Valverde, 224 F.3d at 134. Petitioner did not act diligently during the period in which he seeks to toll. Petitioner points to the "run around" from private investigators, showing his attempt to act diligently in filing his habeas petition. Dkt. No. 19 at 13. Petitioner lists multiple contacts with the private investigator, but does not state how any of those contacts impacted his ability to timely file his petition. See, e.g., id. at 12. On August 19, 2014, petitioner wrote to his private investigator instructing him to close the investigation, and send "a notarized letter from your company stating when the investigation was started and when it ended, and that you could not find anything." See Dkt. No. 19 Exh. E at 47. Petitioner unsuccessfully attempted to obtain phone records as well. Dkt. No. 19 at 7.

District courts within the Second Circuit have continuously held that a delay or failure to obtain documents does not explain the failure to timely file a petition unless petitioner shows he acted with reasonable diligence throughout the tolling period. See, e.g., Padilla v. United States, No. 02 Civ. 1142(CSH), 2002 WL 31571733, at *4 (S.D.N.Y. Nov. 19, 2002) ("Even if [petitioner] did not have all the necessary materials or experienced a delay in obtaining them, those are not extraordinary circumstances warranting equitable tolling."). Here, once petitioner realized he was not obtaining the phone records or further

documentation from the private investigator, he failed to act diligently in timely filing his petition. Petitioner shows no causal connection between the failure to obtain information and the actual late filing, or diligent efforts throughout the period he attempts to toll. See Bell v. Herbert, 476 F. Supp. 2d 235, 247 (W.D.N.Y. 2007). Thus, petitioner is not entitled to equitable tolling.

### C. Actual Innocence

"[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013). To meet the threshold requirement for establishing a showing of actual innocence, a petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). The Supreme Court has instructed that this "standard is demanding and permits review only in the 'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006) (citation omitted).

Courts in the Second Circuit distinguish actual innocence from legal innocence, and a petitioner "whose argument is a technical one" does not prove actual innocence. Hines v. Stallone, No. 9:16-CV-1078(TJM), 2017 WL 445387, at *5 (N.D.N.Y. Feb. 1, 2017) (citing Poindexter v. Nash, 333 F.3d 372, 380 (2d Cir. 2003)); see also Williams v. Brown, No. 08 CIV. 10044 (DLC), 2010 WL 850182, at *3 (S.D.N.Y. Mar. 11, 2010) (holding that no showing of actual innocence occurs where the petitioner merely alleges procedural irregularities instead of offering new evidence to show petitioner is factually innocent).

Essentially, "[t]o demonstrate 'actual innocence,' a petitioner must show that it is more likely than not that, but for the alleged constitutional violation, no reasonable juror would have convicted him." Vassar v. Artus, No. 9:08-CV-0041(DNH), 2016 WL 3632712, at *4 (N.D.N.Y. June 29, 2016) (citing Schlup, 513 U.S. at 327).

Aside from petitioner's self-serving statements, he offers no new evidence that would support a finding that he is actually innocent of the crimes for which he was convicted. Petitioner claims ineffective assistance of counsel, with conclusory allegations that his counsel could not have sufficiently reviewed portions of evidence in a forty-eight hour period. Pet. at 6-7. Further, petitioner recites conclusory procedural issues such as lack of probable cause, perjured testimony, and incorrectly admitted evidence. While petitioner recites these legal arguments, he offers mere conclusions, without any factual support, and fails to plead facts to show he is actually innocent. See generally Pet. Petitioner is arguing the merits of the case, rather than presenting evidence of his innocence. Cosby v. LaValley, No. 9:12-CV-0704 (LEK/ATB), 2014 WL 3734213, at *4 (N.D.N.Y. July 28, 2014) ("[Petitioner's] claim is better interpreted as an argument on the merits of his claim, rather than a cause-and-prejudice argument to overcome procedural default.").

Petitioner's argument of actual innocence involves his belief that his conviction rests upon a deal between himself and a confidential informant, which he believes is undermined through "newly discovered" evidence showing the falsity of trial testimony describing that deal. Dkt. No. 19 at 15. Petitioner's argument is without merit. Petitioner attempts to impeach the testimony of the witness's account of how much time elapsed between the informant traveling between two points. Specifically, petitioner points to a trial transcript where a witness states it takes five to eight minutes to travel by vehicle from the police

station to the "meet spot" where the informant then met the petitioner. See Dkt. No. 19 at 52. Later on in trial testimony, petitioner attempts to show a transcript tape was stopped at one minute when presented during the trial. Dkt. No. 19 at 53. However, as previously noted in the trial court's transcript, the tape portions often played do not represent an accurate and full account of sequential events because they are condensed when entered as evidence. See, e.g., Dkt. No. 18-2 at 23 ("The time line of the communications is not going to be fairly and accurately depicted, but the contents of the communications are."). Petitioner does not produce any new evidence relating to his actual innocence on the charges, and does not prove he did not commit the crimes he was convicted of. See section I supra (itemizing the multiple counts petitioner was convicted of by a jury). Instead, petitioner attacks the witness's statements, attempting to impeach the witness's reliability and the validity of their statements at trial.

The Supreme Court has noted that, "newly discovered impeachment evidence 'is a step removed from evidence pertaining to the crime itself' and 'tends only to impeach the credibility of' the witness." Jones v. Annucci, 124 F. Supp. 3d 103, 124 (N.D.N.Y. 2015) (quoting Calderon v. Thompson, 523 U.S. 538, 563 (1998)). Newly discovered impeachment evidence "will seldom, if ever" lead to a finding of actual innocence. Jones, 124 F. Supp. 3d at 563. Thus, petitioner has failed to present sufficient evidence required to meet the "demanding" standard to establish a showing of actual innocence. House v. Bell, 547 U.S. 518, 538 (2006).

Accordingly, the undersigned recommends that the petition for a writ of habeas corpus be denied.

### IV. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that Brendon Anderson's petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED**; and it is further

**RECOMMENDED** that no certificate of appealability be issued with respect to any of Anderson's claims as Anderson has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).  See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.")' see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  May 16, 2017
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge